IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SWITCH, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ALIGNED DATA CENTERS LLC and MTECHNOLOGY INC.,<br><br>Defendant. | CIVIL ACTION NO. 2:17-CV-574-JRG<br><br>**JURY TRIAL DEMANDED** |
| ALIGNED DATA CENTERS, LLC, ALIGNED DATA CENTERS (DFW), LLC, and ALIGNED DATA CENTERS (PHOENIX), LLC<br><br>Counterclaim-Plaintiffs,<br>v.<br><br>SWITCH, LTD<br><br>Counterclaim-Defendant. | |

**DEFENDANT ALIGNED DATA CENTERS, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

**I.     INTRODUCTION**

Aligned's Motion to Dismiss is not about the minimum standards for notice pleading. Aligned's Motion is not about whether an element-by-element averment of infringement is always necessary to survive a motion to dismiss. Instead, Aligned's Motion is about whether a Complaint that affirmatively includes evidence showing non-infringement of all exemplary claims of all asserted patents meets the plausibility requirement for a complaint.

Here, as outlined in Aligned's opening Motion, even when the facts alleged are viewed in the light most favorable to Switch, the Complaint establishes that multiple limitations of every asserted claim of the patents-in-suit are missing from Aligned's data centers.

Switch's Opposition does not challenge that this is so. Instead, Switch argues that its Complaint pleads sufficient facts to put Aligned on notice of its claims and that discovery will ultimately reveal whether or not infringement has occurred. But, this argument essentially asks the Court to nullify the *Twombly-Iqbal* plausibility requirement for patent infringement complaints. It also ignores the rationale for the plausibility standard, namely that implausibly pleaded cases should not proceed into the extremely burdensome and expensive discovery phase.

Switch incorrectly suggests that Aligned is asking the Court to weigh evidence at the pleading stage. This is not so. Rather, Aligned is respectfully requesting that the Court evaluate the sufficiency of Switch's Complaint based on the evidence Switch chose to include in its Complaint. Because that evidence shows non-infringement, Switch's claims are not plausible. As Switch's response to the Motion to Dismiss does not address this central, fatal deficiency of its Complaint, Aligned respectfully requests that the Court grant Aligned's Motion to Dismiss.

## II. ARGUMENT

### A. Switch's Patent Infringement Claims Are Not Plausible

A complaint cannot survive a motion to dismiss unless it presents a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is not plausible unless it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 677). Since the abrogation of Rule 84 and Form 18, this Court has recognized that *Iqbal*'s plausibility standard also applies to patent infringement claims. *See Solocron Educ., LLC v. Healthstream, Inc.*, No. 2:16-cv-16-JRG, 2016 WL 9137458, at *2 (E.D. Tex. June 7, 2016). Switch does not contest that this standard applies to its claims here. (*See* D.I. 26 at 3–4.) Instead, Switch urges this Court to permit its deficient Complaint to stand because Switch pleaded certain highly generalized facts about Aligned (*see id.* at 5–6) and because "Aligned's ability to articulate noninfringement arguments demonstrates that Switch's Complaint put Aligned on sufficient notice to enable such a defensive response." (*Id.* at 8.)

Switch misses the point. It is not enough to plead that an accused instrumentality generally practices one or more asserted claims. Rather, the patent holder must plead sufficient facts to make a plausible claim of infringement. Here, the facts Switch pleaded affirmatively demonstrate that Aligned does not infringe the Patents-In-Suit and the Complaint therefore ***cannot*** plausibly state a claim for patent infringement. (*See* D.I. 8 at 1–2, 9–16.)[1] *See also Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) ("The purpose of [a Rule 12(b)(6) motion] is to allow the court to eliminate actions that

---

[1] This is true regardless of whether, following the abrogation of Form 18, *Twombly* and *Iqbal* require a patent infringement plaintiff to plead that all of the elements of at least one claim of an asserted patent are infringed. (*See* D.I. 8 at 7; D.I. 26 at 10; *infra* Part II.D.)

are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity.").

Switch's Complaint fails with respect to each asserted claim of every asserted patent. Claim 1 of the '780 patent, for example, expressly requires the power cables recited in the claim to run on the *outside* of the "hot aisle" (*see* D.I. 1-1 at claim 1), but the photographic and video evidence that Switch chose to submit in support of its Complaint show the power cables in Aligned's facilities running on the *inside* of the aisle. (*See* D.I. 8 at 10 (citing Compl., ¶ 21).) Switch's opposition does not contest or even address this point. Aligned's Motion also provides at least two more examples of how the Complaint itself demonstrates that other limitations from the '780 patent are not met. (*See* D.I. 8 at 10.) And, again, in its opposition, Switch does not identify anywhere in its Complaint where there is a "well-pleaded" fact that shows otherwise.

Similarly, Claim 1 of the '389 patent requires "cool air ductwork" to cool the server racks (*see* D.I. 1-3 at claim 1), but Switch's complaint shows an absence of any such ductwork. (*See* D.I. 1, ¶ 61; D.I. 8 at 12).) By pleading allegations that neither show ductwork nor give rise to a reasonable inference that such ductwork exists, Switch's complaint fails to state a claim upon which relief can be granted. Further, Claim 1 of the '389 patent also requires the power cabling in the accused instrumentality to run on the outside of the aisle, just like claim 1 of the '780 Patent. As discussed above, Switch's submitted evidence demonstrates that Aligned's facilities also do not meet this limitation. (*See* D.I. 8 at 10–11.) Nor does Switch point to any allegations that contradict its submitted pictures, which show a lack of any "vertical support brackets" supporting a "thermal shield" on one side, and connected to "tiered ladder rack supports" on the other side, as required.

Claim 1 of the '495 patent requires "warm air escape gap[s]" to move heat from the server racks through a ceiling gap to air conditioning units (*see* D.I. 1-2 at claim 1), but Switch's complaint does not plead any facts showing or leading to a plausible inference that Aligned's data centers use "warm air escape gap[s]." (*See* D.I. 1, ¶ 63; D.I. 8 at 14–15.) Further, claim 1 of the '495 patent also requires accused instrumentalities to have the same "cool air duct[work]" as the '389 patent. (*See* D.I. 1-2 at claim 1.) As discussed, Switch's submitted evidence in support of its infringement allegations show an absence of any such ductwork and cannot give rise to the reasonable inference that such ductwork exists. (*See also* D.I. 8 at 14–16.) Again, Switch's opposition does not contest or even address these specific failings.

Because Switch's Complaint establishes that many required limitations of the asserted claims are lacking, and Switch does not contest this issue in its response, the Complaint can be dismissed at the pleadings stage. This case is not logically distinguishable from, for example, *Anderson v. Kimberly-Clark Corp.*, in which the dismissal of a complaint at the pleadings stage was upheld on the basis that the facts of the Complaint established non-infringement. 570 F. App'x 927, 933–34 (Fed. Cir. 2014). Given the affirmative evidence of non-infringement, the Complaint here likewise does not plausibly state a claim for infringement. Switch's claims are legally deficient and are properly dismissed. *Iqbal*, 556 U.S. at 678.[2]

---

[2] Short on arguments that the Complaint plausibly pleads infringement, Switch resorts to an *ad hominem* attack that Aligned "falsely claim[s]" that Switch admitted it had no basis to bring its infringement case and that Aligned cites to its own pre-litigation letter to Switch as a basis for this assertion. (D.I. 26 at 4–5.) Aspersions aside, the letter to which Aligned referred in its motion was written *in response to* and *addresses* the initial letter Switch sent to Aligned. (*See* D.I. 1-4; 1-6.) In that initial letter, Switch's general counsel conspicuously avoided any allegation of infringement and instead expressed a "need to evaluate" Aligned's facilities and prototypes . (*See* D.I. 1-4 at 2–3.) Aligned's July 31 response makes this very point. (D.I. 1-6 at 2.) And, Aligned's letter and Motion properly note that the inexorable conclusion that flows from Switch's professed "need to evaluate" is that Switch had no basis from which a belief of infringement could be drawn. (*See* D.I. 1-6 at 2; D.I. 8 at 2 (citing Compl., ¶ 35).)

4

### B. Switch's Proffered Factual Evidence Does Not Cure This Deficiency

Switch attempts to skirt these deficiencies by arguing that its "detail[ed]" Complaint "describes various, infringing aspects of Aligned's data centers" (D.I. 26 at 6) and by reciting a laundry list of components it alleges are present in both the Patents-In-Suit and Aligned's data centers. (*See id.* at 7.) Switch further contends that Aligned's Motion challenges the merits of Switch's claims, not their plausibility, and that discovery will reveal if there has been any infringement. (*See id.* at 9.)

Switch's first argument can be disregarded, as it goes to the *notice* aspect of the *Twombly-Iqbal* pleading standard, but the focus of Aligned's Motion to Dismiss is the *plausibility* aspect. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what . . . the claim is *and* the grounds upon which it rests.") (emphasis added; ellipsis in original); *see also Davis v. E. Baton Rouge Parish Sheriff's Office*, Civ. A. No. 08-C-708, 2010 WL 4962812, at *1 & n.3 (M.D. La. Dec. 1, 2010) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)) ("First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."); *United States v. Schmidt*, Civ. A. No. 08-0286, 2009 WL 249743, at *2 (E.D. La. Jan. 30, 2009) (same). The cases Switch cites for its proposition that minimal factual allegations are sufficient to put a defendant on notice of the plaintiff's claims (*see, e.g.*, D.I. 26 at 5 (citing *VStream Tech., LLC v. PLR IP Holdings, LLC*, 6:15-cv-974 (E.D. Tex. Aug. 24, 2016)), 8 (citing *Vision Advancement, LLC v. Vistakon, Inc.*, No. 2:05-cv-455 (E.D. Tex. June 21, 2016))) are thus inapposite.

Switch's second argument is a red herring because whether or not Aligned's data centers contain the same or similar components as those recited in the Patents-In-Suit is insufficient to plausibly show that Aligned's data centers deploy those components as they are expressly claimed. *See Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998) ("Literal infringement requires that the accused device contain each limitation of the claim *exactly*; any deviation from the claim precludes a finding of literal infringement.") (emphasis added). Switch exhorts the Court to "look to the context of Aligned's infringement to determine whether Switch is plausibly entitled to relief" (D.I. 26 at 7), but the Court is not required to "strain to find inferences favorable to [Switch]" nor accept Switch's "unwarranted deductions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). Switch's *in vacuo* list of similar components is not enough to "nudge[] [its] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, because "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Finally, Switch argues that a pre-discovery motion to dismiss "is neither appropriate nor useful for sorting out the parties' relative merits of the parties' claims and defenses" and that "[d]iscovery will reveal the facts" of whether any infringement has occurred. (D.I. 26 at 9.) As to the first point, Aligned is not asking this Court to judge the relative merits of Switch's claims. Aligned is asking this Court to determine that Switch has not pleaded any cognizable claim for infringement at the outset based on the fact that the Complaint shows, if anything, only noninfringement. If a pre-discovery motion to dismiss was not an "appropriate" or "useful" mechanism for doing so, Rule 12(b)(6) would have no substantive purpose. *See Advanced Cardiovascular*, 988 F.2d at 1160.

6
37939150v3

As to the second point, Switch is not entitled to the discovery that "will reveal the facts" unless and until it can plausibly state a claim for relief, which it cannot. (*See supra* Part II.A.) Indeed, Switch's argument turns the rationale underlying the *Twombly-Iqbal* plausibility standard on its head. Whereas *Twombly* and *Iqbal* recognize that the gate-keeping function of a pleading is to sort out implausible cases from those entitled to move into the discovery process, Switch would let the pleading doors fly open and leave it to discovery, summary judgment or trial to the sort the plausible from the implausible. *See Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest size."); *cf. Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## C. Aligned's Noninfringement Allegations Are Not Irrelevant

Switch alleges that "Aligned's noninfringement arguments have no impact on the sufficiency of Switch's pleadings" because the Court must assume all well-pleaded facts are true and "[t]he merits of Switch's claims and Aligned's defenses are ultimately issues for the jury *at trial*." (D.I. 26 at 8 (emphasis in original).) Switch again mischaracterizes Aligned's argument. Switch's Complaint is *legally* deficient because the facts it chose to include in its Complaint show noninfringement. (*See supra* Part II.A.) Switch is not entitled to proceed to discovery— much less trial—unless it can articulate a cognizable claim for relief. *See Iqbal*, 556 U.S. at 678–79; *Advanced Cardiovascular*, 988 F.2d at 1160.

In Switch's response, Switch characterizes its pleadings as containing factual allegations about Aligned. This may be so. But, the critical deficiency – that Switch does not address – is that the pleadings contain no facts that specifically refute or explain how Switch can maintain a

7

claim of infringement with respect to essential elements of each of the identified patent claims in the face of evidence in the Complaint showing that those elements are missing.  Thus, Aligned's Motion to Dismiss is entirely consistent with the requirement that all well-pleaded facts are taken as true:  the well-pleaded facts show noninfringement and Switch did not plead any facts to suggest otherwise.  *See Anderson*, 570 F. App'x at 933–34.  At bottom, Switch presents no compelling arguments and no controlling authority as to why this Court should permit the Complaint to survive through discovery and into "the crucible of trial" (D.I. 26 at 9) when doing so would only result in unnecessary expense for the parties and the Court, infliction of further competitive injury on Aligned (*see generally* D.I. 9 at Countercls.), and a delay in the inevitable.  *See Advanced Cardiovascular*, 988 F.2d at 1160.

> **D.** **A Failure to Plead Element-By-Element Infringement in a Complaint that Shows Non-Infringement Does Not Plausibly Plead Infringement**

Though Rule 84 and Form 18 "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading" in a patent case, *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013), Rule 84 and the forms it authorized were abrogated on December 1, 2015.  Since then, courts all over the nation—including this Court—have recognized that the *Twombly* and *Iqbal* pleading standards now apply to patent cases.  *See Solocron*, 2016 WL 9137458, at *2.  Further, the vast majority of courts have held that the *Twombly-Iqbal* standard mandates patent plaintiffs allege element-by-element how the accused product meets at least one claim of the asserted patent.  *E.g.*, *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3–5 (N.D. Cal. May 26, 2017); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, Civ. A. No. 15-1720, 2017 WL 568781, at *3–4 (E.D. La. Feb. 13, 2017); *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-5469, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016).

In addition, this Court recently recognized that a Federal Circuit case on an analogous point "appears to require factual allegations sufficient to give rise to a plausible inference that a device meets *all elements* of a *specific claim*." *Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 2:16-CV-00059-JRG-RSP, 2017 WL 780885, at *3 (E.D. Tex. Feb. 10, 2017) (citing *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016)) (emphasis in original). Though *Lyda* dealt with the pleading requirements for the direct infringement element of a joint infringement claim, "there is no good reason why more detail should be provided for the direct infringement *element* of a joint infringement claim than is required for an ordinary direct infringement *claim*." *Id.* at *3 (emphasis in original).

Switch's reliance on *In re Bill of Lading Transmission & Processing System Patent Litigation* for its argument that element-by-element allegations are not required under Rule 8 is misplaced. *In re Bill of Lading* was decided prior to abrogation of Rule 84 / Form 18 and expressly based its holding that element-by-element pleading was unnecessary on Form 18's existence. *See* 681 F.3d 1323, 1334–35 (Fed. Cir. 2012). Post abrogation, *In re Bill of Lading*'s reasoning no longer applies. *See, e.g.*, *Novitaz*, 2017 WL 2311407, at *3–5.

Here, the issue is that the Complaint shows non-infringement, as discussed above. In such a situation, which is distinct from all of the cases Switch cites, Switch's failure to set forth any element-by-element allegation, and its failure in its Opposition to point to anything in the Complaint that plausibly suggests that the missing elements of its patent claims are anywhere in the accused system, confirm that dismissal is appropriate under the facts of this case.

E.  **Switch's Indirect Infringement Claims Fail with Its Direct Infringement Claims**

It is beyond dispute that a claim of indirect infringement requires the plaintiff to also demonstrate direct infringement. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d

9

1263, 1272 (Fed. Cir. 2004); *Pozen, Inc. v. Par Pharm., Inc.*, 800 F. Supp. 2d 789, 799 (E.D. Tex. 2011).  As discussed above, Switch's direct infringement claims are legally deficient and cannot state a claim for relief.  (*See supra* Part II.A.)  This failing ends the indirect infringement inquiry.  *See VStream Tech.*, 6:15-cv-974, slip op. at 7 (E.D. Tex. Aug. 24, 2016), ECF No. 153 ("Because the Court finds that Plaintiff's direct infringement claims are insufficient, Plaintiff's [indirect] infringement claims must also fail.").

### III. CONCLUSION

For the foregoing reasons, Aligned respectfully requests that the Court grant its Motion.

Dated: September 7, 2017

Respectfully submitted by:

*/s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-531-3939
mikejones@potterminton.com

Michael A. Berta
Michael.berta@apks.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3277

Nicholas H. Lee
Nicholas.lee@apks.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4156

ATTORNEYS FOR DEFENDANT
ALIGNED DATA CENTERS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 7, 2017.

*/s/ Michael E. Jones*

37939150v3