IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SWITCH, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-574-JRG |
| | § | |
| ALIGNED DATA CENTERS LLC and | § | |
| MTECHNOLOGY INC. | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT
ALIGNED DATA CENTERS, LLC'S MOTION TO DISMISS [DKT. NO. 8]**

I.         **ARGUMENT IN SURREPLY**

Switch's complaint does not "affirmatively include[] evidence showing non-infringement" simply because Aligned says so. Aligned's noninfringement arguments are based on an ignorance of Switch's infringement theories and are inconsistent with the detailed factual pleadings in Switch's complaint. There is no requirement to rebut noninfringement theories at the pleading stage. In fact, Switch could secure *actual relief* in a judgment, even if Switch ignored noninfringement theories at trial. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, (2000). At the pleading stage, Aligned's noninfringement theories cannot affect whether Switch's complaint states a plausible claim for relief.

In retreat from its original position, Aligned argues that it is not trying to force an element-by-element infringement analysis. Yet Aligned still asks the Court to adopt its noninfringement theories—which would lead to element-by-element sparring between the parties and require element-by-element pleading. Aligned claims victory because Switch did not take the bait and spar on its noninfringement theories. This was deliberate. Aligned's noninfringement theories have no bearing at the pleading stage, and the Court should not entertain them. As this Court has repeatedly reminded litigants who try to delve into the merits at the pleading stage: infringement contentions must be served early and they "require the plaintiff to disclose at that point whether each element of each asserted claim is alleged to be literally present or present under the doctrine of equivalents." *Uniloc USA, Inc. v. AOL, Inc.*, 2:16-cv-722, slip op. at 5-6 (E.D. Tex. May 15, 2017). The pleading stage should not devolve into a mini-trial on the merits, and a plaintiff is not required to gird its complaint with element-by-element evidence and analysis simply to survive a motion to dismiss. *See id.*

### A. Switch Pleaded Plausible Claims.

While Aligned seems to demand that Switch show exactly why Aligned's facilities infringe, there is no requirement for Switch to "prove its case at the pleading stage." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, --- F.3d ---, 2017 WL 3908174, at *5 (Fed. Cir. Sep. 7, 2017) (relying on *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (citing *Skinner v. Switzer*, 562 U.S. 521, 529 (2011)). It is only required that a complaint place the alleged infringer "on notice of what activity . . . is being accused of infringement." *K-Tech Telecom. v. Time Warner Cable*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).

Aligned repeatedly argues that the abrogation of Rule 84 somehow heightened the pleading requirement of Rule 8. Notably, the Federal Circuit recently observed the opposite. *See Lifetime Indus., Inc.*, 2017 WL 39081974, at *4 ("The parties assume that there is a difference between the requirements of Form 18 and *Iqbal* / *Twombly*; however, we have never recognized such a distinction."). This makes sense. The Supreme Court decided *Iqbal* when Rule 84 was still in effect. The Supreme Court could not have imposed a substantive standard on Rule 8 that would have negated Rule 84. *See* 28 U.S.C. 2071. But even if the standards are different, Switch satisfied all pleading requirements under *Iqbal* and *Twombly*. Under the appropriate standard, "the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Bill of Lading*, 681 F.3d at 1341 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "Cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer." *Uniloc USA Inc. v. Avaya Inc.*, No. 6:15-cv-1168, slip op. at 7 (E.D. Tex. May 13, 2017). Aligned does not dispute that it is on fair notice of what

Switch's claims are and the grounds upon which they rest.  Aligned's ability to advance noninfringement theories demonstrates as much.

Switch also pleaded facts related to Stephen Fairfax—specifically, how Mr. Fairfax was given wide access to assess Switch's data center facilities under strict confidentiality agreements.  *See* Compl. ¶ 2.  After that access, and after promising not to design data centers, Mr. Fairfax assisted in designing Aligned's infringing data centers.  These facts are sufficient to show that Switch is plausibly entitled to relief, and the right to test Aligned's contentions, in discovery.

**B. Aligned's Noninfringement Arguments Do Not Require Infringement Contentions to Respond to a Motion to Dismiss.**

As Switch pointed out in its response, this Court has repeatedly held that "element-by-element" analysis is not required to plead a plausible claim of infringement.  Aligned seeks to create a new exception to this rule.  Specifically, Aligned argues that a plaintiff is not always required to include an element-by-element analysis in its complaint—only when the defendant argues that the complaint allegedly "shows non-infringement[.]"  *See* Rep. at 9.  This is inane.  Every defendant can convince itself that a complaint "shows non-infringement" and say as much in a motion to dismiss.  Aligned's proposed exception would inevitably become the rule, and every challenged complaint would require an element-by-element analysis.

And again, this is all obviated by the Local Patent Rules.  As the Court recognized, this type of analysis is "simply not required at the Rule 12 stage," is "more than is required to provide fair notice at the pleading stage," and "is more appropriately addressed and explained through plaintiff's infringement contentions and the discovery process itself."  *Uniloc USA Inc. v. Motorola Mobility LLC*, 2:16-cv-992-JRG, slip op. at 5-6 (E.D. Tex. May 15, 2017); *Nichia Corp. v. Vizio, Inc.*, No. 2:15-cv-615, slip op. at 5-6 (E.D. Tex. July 24, 2017).

Even if factual disputes were relevant, Aligned's notion that the Complaint "shows non-

infringement" lacks support of any competent evidence. Aligned has offered no authenticated evidence of how its data centers actually operate; it offers no report from any expert who could apply the (unconstrued) claims to opine on noninfringement; it offers no declaration from any witness who is willing to vouch for what it is saying in its brief. Aligned's noninfringement theories are purely attorney argument. And if Aligned had provided the court with any competent evidence, Switch would simply request the opportunity to test Aligned's noninfringement contentions with discovery—because Aligned's noninfringement theories would *still* be irrelevant in a pleadings context.[1]

Moreover, Aligned's attorney argument in its briefing is still deficient. Aligned has not shown, for example, that Switch has disclaimed claim scope that would read on Aligned's facilities and would preclude infringement under the doctrine of equivalents. It has not shown that Switch has pleaded in its complaint that some aspect of Aligned's facility could not be the equivalent of any allegedly missing element from Switch's claims. It has not even shown any reason that any claim is *literally* missing other than its own *ipse dixit* arguments based on its own infringement theory, not Switch's. At the pleading stage, this is simply beside the point.

Finally, Aligned strains to make its noninfringement theories relevant by asserting that this case "is not logically distinguishable from . . . *Anderson v. Kimberly-Clark Corp*." *See* Rep. at 4. Contrary to Aligned's assertion, that case is very distinguishable. The patents at issue in

---

[1] FED. R. CIV. P. 12(d) requires a motion to dismiss to "be treated as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d) (2017). This heightened standard of review, *requires* courts to deny such a motion for summary judgment unless there is no genuine issue of material fact. *See* FED. R. CIV. P. 56(c). Here, if the Court were to entertain Aligned's noninfringement theories, it would necessitate evaluation of facts outside the pleadings because Aligned insists its marketing materials are not dispositive. This would, in turn, necessitate further discovery and motion work, convert the motion to one of summary judgment, and require the instant Motion be denied pending evaluation of the genuine issues of material fact at play.

4

*Anderson* were *design* patents. *See Anderson v. Kimberly-Clark Corp*, 570 Fed. App'x. 927, 928 (Fed. Cir. 2014). In moving for *judgment on the pleadings under Rule 12(c)* (another distinction), Kimberly-Clark pointed out that four of the accused products were not even manufactured by Kimberly-Clark (another distinction), and it offered photographic evidence of noninfringement of its remaining products. *See id.* at 929. The district court took judicial notice of undisputed facts (another distinction). *See id.* The district court then applied the "ordinary observer test" to identify three "striking" differences between the patented design and the accused products and granted judgment on the pleadings. *See id.* at 933. The "ordinary observer test" might apply in a design patent case in a Rule 12(c) challenge, but it is (unfortunately) simply inapplicable here. If that were the test, then the Court would see the striking similarities of Aligned's copycat data centers to Switch's patented data centers, and deny Aligned's motion.

## II. <u>CONCLUSION</u>

Switch has made factual allegations sufficient to support a reasonable inference that Aligned is liable for infringing the asserted patents. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 217 (5th Cir. 2012). "Requiring more would improperly and unfairly elevate the plausibility standard to a probability standard." *Uniloc USA Inc. v. Avaya Inc.*, slip op. at 7. Aligned's argument—that Switch's complaint should have divined and pre-rebutted Aligned's noninfringement theories—would surpass the *probability* standard and would hold pleadings to a *certainty* standard. The Court should reject this. The facts alleged by Switch in its Complaint have put Aligned on notice of Switch's infringement claims and what specifically is being accused of infringement. Aligned can mount its defenses in this case, and Switch should be given the opportunity to dismantle those defenses through discovery, claim construction, and trial. For these reasons, the Motion should be denied, and the case should move forward.

DATED: September 14, 2017                Respectfully submitted,

**CALDWELL CASSADY & CURRY P.C.**

*/s/ John Austin Curry*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

**ATTORNEYS FOR PLAINTIFF
SWITCH, LTD.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 14th day of September, 2017. Local Rule CV-5(a)(3)(A).

*/s/ John Austin Curry*
John Austin Curry