UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SWITCH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALIGNED DATA CENTERS LLC and MTECHNOLOGY INC., <br><br> Defendants. | Civil Action No.: 2:17-cv-00574-JRG <br><br> JURY TRIAL DEMANDED |

**MTECHNOLOGY'S MOTION TO DISMISS**

I.      **INTRODUCTION**

Defendant MTechnology, Inc. ("MTechnology") respectfully moves the Court to dismiss Plaintiff Switch, Ltd.'s ("Switch") patent infringement complaint with respect to MTechnology, for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. MTechnology is not incorporated in Texas, and has no physical place in the Eastern District of Texas from which it regularly conducts business, and so venue is improper here.

MTechnology is a very small consulting company based in Saxonville, Massachusetts. Its President is Stephen Fairfax, a consultant who consults to many companies around the country and on many different projects. To the extent that Mr. Fairfax consulted to defendant Aligned Data Centers LLC ("Aligned"), as alleged in Switch's complaint, it was just one of Mr. Fairfax's consulting projects over the years and around the country. This lawsuit against MTechnology is not because it or Mr. Fairfax has any liability here; it is merely to punish MTechnology (and Mr. Fairfax) for working with Switch's competitor, Aligned. If MTechnology is dismissed, the dismissal will have no impact on Switch's case against Aligned.

The Supreme Court in *TC Heartland L.L.C. v. Kraft Foods Group Brands L.L.C.*, 137 S. Ct. 1514 (2017), set forth that venue for patent infringement actions is to be governed by 28 U.S.C. § 1400(b) and is proper only in a district where: (1) the defendant is incorporated; or (2) the defendant has a "regular and established place of business." Here, MTechnology is incorporated in Massachusetts, and not in Texas. Therefore, the venue issue hinges on whether MTechnology has a "regular and established place of business" in this district.

Last week, the Federal Circuit in *In Re: Cray*, set forth an exacting test for district courts to apply when determining whether a corporation has a "regular and established place of business" in a district:

> (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b).

*In Re: Cray, Inc.*, Case No. 2017-129, Slip. Op. at 8 (Fed. Cir. Sept 21, 2017) (attached as Ex. A).

MTechnology does not have a physical place of business in the Eastern District of Texas. Indeed, MTechnology does not own, lease or rent any physical property, any building, or any quarters, in the Eastern District of Texas.

Switch's allegations in the complaint do not assert otherwise. Switch's venue allegations are limited to assertions that MTechnology does business with a third-party's facility in Plano, Texas. There is no allegation that MTechnology does or conducts regular business *from* a physical place in Texas that it controls or operates, as is required to satisfy the "regular and established place of business" prong of § 1400(b). The Court should dismiss the complaint with respect to MTechnology for improper venue.

In the alternative, and solely to preserve its defense, MTechnology moves the Court to dismiss the complaint under Rule 12(b)(6), including Count Three ("Indirect Infringement by MTechnology"), for the reasons as argued by Aligned in its motion to dismiss and related briefing. (Doc. No. 8.) The allegations against MTechnology are derivative of those against Aligned. If the Court grants Aligned's motion, then there is no direct infringement, and no claim of indirect infringement can stand against MTechnology.

## II.  RULE 12(B)(3) MOTION TO DISMISS STANDARDS

Rule 12(b)(3) and 28 U.S.C. § 1406(a) both allow dismissal when venue is "wrong" or "improper" based on the applicable federal venue rules. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). Under Rule 12(b)(3), when a defendant

objects to venue, "the burden of sustaining venue lies with the plaintiff." *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E. D. Tex. 2003).

"[O]nce a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim." *LuciBags L.L.C. v. Younique*, *L.L.C.,* No. 4:16-cv-377, 2017 WL 77943, at *3 (E. D. Tex. Jan. 9, 2017). In deciding Rule 12(b)(3) motions, "[t]he Court accepts as true all of the allegations in the plaintiff's complaint and resolves all factual conflicts in the plaintiff's favor." *Luci Bags*, 2017 WL 77943, at *3. For Rule 12(b)(3), the Court may consider additional evidence in the record beyond "the complaint and its proper attachments." *Id.* (citing *Ginter ex. rel. Ballard v. Belecher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)).

Switch filed its complaint on August 7, 2017, after the Supreme Court's May 22, 2017 opinion in *TC Heartland L.L.C. v. Kraft Foods Group Brands L.L.C.*, 137 S. Ct. 1514 (2017). In *TC Heartland*, the Supreme Court reversed the Federal Circuit, holding that 28 U.S.C. § 1400(b) is "the sole and exclusive provision controlling venue in patent infringement actions." *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957); *see also TC Heartland*, 137 S. Ct. at 1520-21. In reversing the Federal Circuit, the Supreme Court held that the general venue statute, 28 U.S.C. § 1391, has no impact on the § 1400(b) analysis, as the Federal Circuit had previously determined and required lower courts to follow. *Id.*

Under § 1400(b), venue is appropriate "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A domestic corporation resides "only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. When assessing whether a defendant "has a regular and established place of business" in a district, the

Federal Circuit found that a determining factor is whether the defendant has a physical place in the district from where it conducts a regular and established business:

> As discussed in greater detail below our analysis of the case law and statute reveal three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b).

*In Re: Cray, Inc.*, Case No. 2017-129, Slip. Op. at 8 (Fed. Cir. Sept 21, 2017).

### III.     THE COURT SHOULD DISMISS THE COMPLAINT UNDER RULE 12(B)(3)

Switch's complaint against MTechnology should be dismissed for improper venue. First, under § 1400(b), MTechnology is not incorporated in Texas and therefore is not a resident of Texas. (Ex. B, Fairfax Decl. ¶ 5.) As Switch's complaint concedes, "MTechnology Inc. is a Massachusetts corporation organized and existing under the laws of the State of Massachusetts . . . with a principal place of business . . . [at] Saxonville, Massachusetts." (Doc. No. 1, ¶ 10; *see also* Ex. B, ¶¶ 3-4. )

Second, MTechnology does not have a "regular and established place of business" in the Eastern District of Texas because it has no physical place in the district from where it regularly carries out or conducts its business. (Ex. B, Fairfax Decl. ¶ 7.) In crafting its exacting test on the meaning of "regular and established place of business" in § 1400(b), the Federal Circuit noted that in the first step there must be a "place" that is "a physical, geographical location in the district from which the business of the defendant is carried out." *In Re: Cray*, at 11. "The statute requires a place *i.e.* a building or a part of a building set apart for any purpose or quarters of any kind from which business is conducted." *Id.* at 11 (internal quotations omitted).

Furthermore, the physical place must be "a 'place of business' that is 'regular' and 'established.'" *Id.* at 10. Notably, the term "regular" precludes "sporadic activity" that is

"merely temporarily, or for some special work or particular transaction" and the word "established" requires that the physical place is "permanent" for example, "a five year continuous presence." *Id.* at 12

Importantly, the physical place "must be a place *of the defendant*" and "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* at 13 (emphasis added).

Under the test set forth by *In Re Cray*, MTechnology has no "regular and established place of business" in Texas or in the Eastern District of Texas. For one, as established by the Declaration of Stephen Fairfax filed herewith, "MTechnology does not own, lease, or rent any physical property, any building, any part of a building, or any quarters, in Texas or in the Eastern District of Texas." (Ex. B, Fairfax Decl., ¶ 8.) Moreover, MTechnology, "does not possess or control a physical place in Texas, or in the Eastern District of Texas, from which it regularly carries out or conducts business." (Ex. B, Fairfax Decl. ¶ 7.)

Switch does not dispute this. Switch's venue allegations in the complaint make no assertion that MTechnology has a physical location in Texas from which it conducts business of any kind. (Doc. No. 1, ¶14.) Other than a conclusory statement parroting the words of the statute that, "MTechnology has a regular and established place of business in the district," the entirety of Switch's venue allegations against MTechnology appears to be based on an assertion that MTechnology has done business with defendant Aligned, at a facility in Plano, Texas *that is owned and controlled by Aligned*.

Switch alleges that MTechnology, through its President, Stephen Fairfax, was present at Aligned's facility in Plano, Texas, during a design process and during the construction of a data center. (Doc. No. 1, ¶14.) Switch also alleges that MTechnology has performed reliability

5

studies and performed checks at the same Aligned facility in Plano. Switch further alleges that MTechnology "markets" Aligned's Plano facility, is likely to have a contractual relationship with Aligned, and benefits from its work with Aligned and Aligned's Plano facility.

Even assuming for argument that all of these allegations are true, none of these allegations establish that MTechnology has a physical place of business in the district that meets § 1400(b)'s requirements. While *Aligned's* Plano facility is in the district, there is no allegation that MTechnology owns or controls any part of this physical location, or that it conducts regular business from such a location. Rather, Switch's allegations appear to be that MTechnology performed sporadic consulting work for Aligned, at a facility in the district *owned by Aligned* – and not by MTechnology.

This is not enough to meet the test set forth by *In Re Cray*, as the physical location "must be the place of [MTechnology]" and relevant considerations include whether "MTechnology owns or leases the place, or exercises other attributes of possession or control over the place." There is no such allegation here, and the Fairfax Declaration evidences the opposite: MTechnology does not rent, lease, own, control or possess any such place in the Eastern District of Texas. (Fairfax Decl. ¶ 7.)

## IV. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE COMPLAINT UNDER RULE 12(B)(6)

Should the Court decline to dismiss the complaint under Rule 12(b)(3), MTechnology hereby moves in the alternative for a dismissal of the allegations against it under Rule 12(b)(6), for the same reasons as argued in Aligned's motion to dismiss (Doc. No. 8). In particular, Switch's allegations of indirect infringement by MTechnology (Doc No. 1, ¶¶75 – 87) does not plausibly state a claim for relief, for the same reasons as discussed in Aligned's motion with respect to the direct and indirect infringement claims Switch made against Aligned.

## V. CONCLUSION

For at least the above reasons, the Court should dismiss the complaint as related to MTechnology for improper venue under Rule 12(b)(3). In the alternative, the Court should dismiss the complaint as related to MTechnology for failure to state a claim for relief under Rule 12(b)(6).

Dated: September 29, 2017                    Respectfully submitted,

*/s/ Safraz W. Ishmael*
Steven M. Bauer
(Admitted to practice in E.D. Texas)
MA Bar No. 542531
Safraz W. Ishmael
(Admitted to practice in E.D. Texas)
MA Bar No. 657881
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
sbauer@proskauer.com
sishmael@proskauer.com
Tel. (617) 526-9700
Fax (617) 526-9899

**ATTORNEYS FOR DEFENDANT MTECHNOLOGY, INC**.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 29th day of September, 2017.

*/s/ Safraz W. Ishmael*
Safraz W. Ishmael
